IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD WILSON, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:17-cv-187-C-BN |
| CITY OF DALLAS, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background**

Earlier this year, Plaintiff Ronald Wilson filed a two-page complaint against the City of Dallas and the United States of America, alleging that the City and the United States are "currently extremely nasty, disrespectful, and dangerous." Dkt. No. 1. Given the lack of facts alleged in the complaint, the Court entered a questionnaire on January 23, 2017. *See* Dkt. No. 7. No response was filed.

But, because the Court received notice from Wilson concerning a change of

-1-

address that coincided with the date that he was to have submitted verified responses to the questionnaire, *see* Dkt. No. 8, the Court re-issued that questionnaire and extended the deadline by which to submit verified responses to April 7, 2017, *see* Dkt. No. 9 (warning Wilson that "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)").

Now, more than four months after the extended deadline to respond, no response has been received. In addition, all orders sent to Wilson at his updated mailing address have been returned as undeliverable. *See* Dkt. No. 11.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to submit verified responses to the Court's questionnaire and by not updating his mailing address, Wilson has prevented this action from proceeding, leaving the impression that he no longer wishes to pursue the relief sought in his complaint. He therefore has failed to prosecute his lawsuit and obey the Court's orders.

"[A]s this Court has observed more than once, '[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.'" *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D.

Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)), *rec. adopted*, 2016 WL 320644 (N.D. Tex. Jan. 27, 2016).

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Wilson decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE